Blake *v.* Lord & another.

that he would recover from the bruise and his sore leg would be as good as the other within a reasonable time, and that this warranty had been broken.

*S. L. Plummer*, for the defendant.

*T. L. Wakefield*, for the plaintiff.

LUTHER BLAKE *vs.* ENOCH LORD & another.

Under a declaration for an assault and battery, containing no averment of special damage, the plaintiff may introduce evidence that his eyes were injured in consequence of a closing up of the tear passage caused by the blows inflicted by the defendant, and may also prove how long it was before he was able to use his eyes after the injury, and how long before his nose got well.

At the trial of an action against two defendants for a joint assault and battery, the defendants answered jointly, denying the assault, and averring that any acts committed by them were done in self-defence; and the evidence tended to show that one defendant assaulted and had an affray with the plaintiff, in which the other defendant took no part, that, at the close of this affray, and at a point more than forty feet from where it begun, the second defendant assaulted and had an affray with the plaintiff, in which the first defendant took no part, and that each defendant was present during the affray between the plaintiff and the other. *Held*, that the wife of one defendant was not a competent witness for the other.

ACTION OF TORT. " And the plaintiff says, the defendants made an assault upon him, and struck him and kicked him and threw a heavy stick of wood against his face, so that his face

was greatly injured and disfigured for a long time, and he suffered great pain for a long time, and was for a long time unable to labor or follow his usual occupation." The defendants filed a joint answer, denying the assault, and averring that any acts committed by them were done in self-defence.

At the trial in the superior court, *Brigham*, J., against the defendants' objection, admitted evidence offered by the plaintiff tending to show that, owing to the assault upon him as alleged, the tear passage was closed up, and his eyes were in consequence greatly weakened and injured; and also permitted him to testify how long it was after the injury before he was able to use his eyes, and how long it was before his nose got well.

The testimony introduced by the plaintiff tended to prove that Robert Lord, one of the defendants, committed an assault and battery upon the plaintiff in which Enoch Lord did not participate, unless his presence under the circumstances offered in evidence was a participation in it; and also that at the close of the affray, and at a point more than forty feet from where the first blow was inflicted, Enoch Lord committed an assault and battery upon the plaintiff, in which Robert Lord did not participate, unless his presence under the evidence offered, might be considered a participation.

The wife of Robert Lord was offered as a witness in behalf of Enoch, but was excluded as not a competent witness.

The jury returned a verdict against both defendants, and they alleged exceptions.

*A. L. Cushing*, for the defendants.

*W. Colburn*, for the plaintiff.

Bigelow, C. J. The questions and answers to which objection was made at the trial were competent and relevant to the issue, and tended to show the nature and extent of the injury inflicted on the plaintiff, not by way of special damages, but as the necessary and natural consequence of the tortious act of the defendants. The assault having been joint and so found by the jury, the plaintiff was entitled to a verdict in damages against both the defendants for an amount such as the most culpable of them ought to pay.

The assault and battery for which the plaintiff brought his action was alleged in the declaration to have been joint, and the defendants filed a joint answer, denying the assault, and averring that any acts committed by them were done in self-defence. The evidence at the trial tended to show that the transaction was a continuous one, in which the acts of both the defendants formed part of the *res gestæ*, and that they both participated in committing violence on the plaintiff. It was therefore impossible to separate the cases of the co-defendants. Evidence which tended to acquit the one would also tend to relieve the other. The wife of neither could testify without giving evidence in her husband's favor. She was therefore, by the well settled rule of the common law, an incompetent witness. *Rex* v. *Frederick*, 2 Stra. 1095. *Commonwealth* v. *Robinson*, 1 Gray, 555. 1 Greenl. Ev. § 335 This rule is not changed by *St.* 1857, *c.* 305, § 1, which only makes the wife competent to testify when she is a party or one of the parties to a suit. *Exceptions overruled.*